Brown Shoe Company, Inc., Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 11394.  Promulgated February 13, 1948.

*Charles B. McInnis, Esq.*, for the petitioner.
*George E. Gibson, Esq.*, for the respondent.

#### OPINION.

Murdock, *Judge*: The Commissioner determined deficiencies in excess profits tax of $58,235.09 and $85,748.37 for the fiscal years ended October 31, 1942 and 1943.  The issues for decision are whether the Commissioner erred (a) in excluding from equity invested capital $971,031.01, representing money and buildings received from communities in which the petitioner operated factories, and (b) in disallowing depreciation on the buildings thus acquired and on others supposedly built with the funds thus acquired.  The facts have been stipulated.

The petitioner, a corporation, filed its returns for the years here in question with the collector of internal revenue for the first district of Missouri.  It manufactures shoes in a number of small towns in Missouri, Illinois, Indiana, and Tennessee.

The petitioner, during the period 1919 up to October 31, 1939, received $885,559.45 in cash and $85,471.56 in buildings from various community groups in 12 different towns.  There were contracts in all cases except one involving $10,000.  Those contracts varied, but generally required the petitioner to acquire a factory in the town and to

operate it for a specified period of time. The amount involved was to be refunded if the conditions of the contract were not fulfilled. It seems proper to assume that the petitioner fulfilled all conditions attached to the transfers, since neither party suggests the contrary.

The Commissioner, in determining the deficiencies, reduced the petitioner's equity invested capital by $971,031.01, representing the cash and the value of the buildings received, as described above, prior to the first fiscal year involved herein. He stated that it was not includible, but gave no further explanation. The petitioner contends that the cash and the stipulated bases of the buildings are a part of equity invested capital, either as a part of its "accumulated earnings and profits" under section 718 (a) (4), or as a "contribution to capital" under section 718 (a) (1) and (2). The petitioner did not realize taxable income as a result of the transfers. *Frank Holton & Co.*, 10 B. T. A. 1317. Congress intended that only earnings or profits could be included in equity invested capital as "accumulated earnings and profits" under subparagraph (4). This is not to say that the earnings or profits would have to represent taxable income, but only that there would have to be earnings or profits. The petitioner has failed to demonstrate that all or any part of the amounts in question represent earnings or profits. Cf. *Frank Holton & Co., supra.* It has already been held that transfers such as these do not become a part of equity invested capital under section 718 (a) (1) or (2) where, as here, the transferors were not stockholders. *McKay Products Corporation*, 9 T. C. 1082. Cf. *Liberty Mirror Works*, 3 T. C. 1018; *Frank Holton & Co., supra.*

Two buildings were included in the properties transferred to the petitioner, as described under the first issue. Those buildings were used during the taxable years by the petitioner in its business of manufacturing shoes. The cash received by the petitioner was deposited in its general bank account and "was not earmarked for or held intact and applied against the cost of the factory, machinery, equipment or other items applicable to the plant acquired or constructed in the particular community." The Commissioner, in determining the deficiency, disallowed depreciation claimed by the petitioner for each year on the two buildings contributed by citizens of the two communities and he also disallowed "additional amounts which he determined to be the depreciation deducted by Petitioner for the respective taxable years on buildings and machinery acquired with the cash received by Petitioner from the community groups."

It was held in *McKay Products Corporation, supra*, that the recipient does not receive a gift and therefore does not take the transferor's basis under section 113 (a) (2) on buildings transferred to it as an inducement to locate its business in a particular place. It is held upon authority of that case that the Commissioner did not err in dis-

allowing depreciation on those two buildings computed upon the transferor's basis. However, no justification appears for the action of the Commissioner in disallowing depreciation on buildings, machinery, and equipment upon the theory that the petitioner used cash received from the various communities to pay for those buildings and that machinery, and, consequently, the buildings and machinery had, to that extent, no cost to the petitioner. The parties have stipulated that the cash was not earmarked in any way and it is just as reasonable to assume that it was used for any one of a dozen other purposes as it is to make the Commissioner's assumption. The petitioner paid for the buildings and machinery out of its own unrestricted funds, those buildings and that machinery had cost to it, as shown on its books and records, and it is entitled to depreciation thereon.

The parties have settled one issue by the stipulation. The petitioner has attempted to raise an issue about the treatment of the recovery of some floor stock tax, but it does not relate to the deficiencies and the Tax Court has no jurisdiction over that matter, as the parties themselves agree in their briefs.

*Decision will be entered under Rule 50.*